## GEORGE WORK *v.* WILLIAM GLASKINS.

1. HUSBAND AND WIFE: SEPARATE ESTATE OF WIFE: PROMISSORY NOTE PAYABLE TO THEM JOINTLY.—In the absence of all proof to the contrary, the presumption is, that a promissory note, executed between the date of the Married Woman's Law of 1839, and the amendment thereto in 1846, and payable to husband and wife, domiciled in this State, is not the sole and separate property of the wife.

2. SAME: RIGHT OF WIFE TO INDORSE A PROMISSORY NOTE DUE TO HER.—A promissory note payable to husband and wife, and given for the separate property of the wife, held by her under the Act of 1839, may be transferred by their joint indorsement, so as to vest the legal title thereto in the indorsee: the mode prescribed in that Act, for the alienation of the property of the wife, applies only to sales of her slaves: as to all other species of property held by her under that Act, her power of disposition is, as at common law, unrestricted, and she may alien and dispose of the same as a feme sole.

3. INTEREST: WHEN DEBTOR RELIEVED FROM: WHEN PAYMENT PREVENTED BY LEGAL PROCESS.—Without fault on his part, no person can be deprived of a legal right secured to him by the terms of a contract; a creditor has a legal right to demand interest upon his debt secured by a promissory note, upon its non-payment at maturity; and hence, the maker of such note, who has been prevented from paying the same, by legal process sued out at the instance of a third party, will not, upon the removal of such restraint, be relieved from paying the intervening interest. In such a case, the debtor has his remedy, by compelling the parties to interplead, and paying the money into court.

4. SAME: SAME.—In that class of cases, where interest is not due by the terms of the contract, but is nevertheless allowed by way of damages, for the unconscientious detention of the debt, courts have held, in the exercise of an equitable discretion, that parties, who have been prevented by legal process from paying money due by them, should not be subjected to damages, in the shape of interest, as for an unjust detention of the debt; but even then, the debtor will not be relieved from the intervening interest, where it appears that his failure to pay was not caused by the pendency of the legal process, but by his denial of his indebtedness.

IN error to the Circuit Court of Hinds county.    Hon. Jacob S. Yerger, judge.

*George L. Potter*, for plaintiff in error.

1. The wife cannot transfer, by indorsement, a promissory note in which she has an interest; and the taking of the note in their joint names, is an assent on the part of the husband that she shall receive some peculiar benefit from it. *Draper* v. *Jackson*, 16 Mass. 486.

The first section of the Act of 1839, enables a married woman to become possessed of any description of property, and to hold it as her separate property. *Henderson* v. *Warmack*, 5 Cushm. 835. The presumption is, therefore, that the note belonged to her, to her separate use.

2. The plaintiff was not liable for interest during the pendency of the garnishment. Process of garnishment is by authority of law; and the effects subjected are seized by warrant of law. As against the garnishee, the proceeding is compulsory, and he may not lawfully pay his creditor pending the writ. His hand is stayed by act of law, and he is in no default for not paying. In this case, he never was in default, for the garnishment issued before the note was due. Where a debtor is restrained, by law, from paying, he is not chargeable with interest during the time of restraint. "Wherever the law prohibits the payment of the principal, interest, during the existence of the prohibition, is not demandable." *Conn* v. *Penn*, 1 Pet. C. C. 524; *Hoare* v. *Allen*, 2 Dall. 103; *Willings* v. *Consequa*, 1 Pet. C. C. 321; *Parker* v. *Gibson*, 4 Mass. 170; *Le Branthwaite* v. *Halsey*, 4 Halst. 5–7; 1 Kelly, 40; 9 Wheat. 338; 1 Yeates, 279.

These cases show that interest is not demandable during the time of injunctions, attachments, garnishments, &c. If it be said, as the judge charged, that the defendant should have paid the money into court, the above cases are a full answer. Moreover, he was not required to pay it in; and if he had so paid, the law court could not have ordered its investment, and no interest would have been gained. He could not offer, except at his own risk, to pay the garnisher, until his claim was judicially established. Work

was constrained to be passive, and obey the law, and he should not be required to pay interest as if in default.

*D. Shelton*, for the defendant in error.

1. Both by the common law and the statutes of this State, the indorsement transferred the legal title. Roper on Husb. & Wife, 214, 224, 231–2; 4 Term R. 616; 1 Peere Williams, 497; 2 M. & S. 396; 2 Mad. R. 135; 2 Black. R. 1236; 3 East, 136. The Act of 1839 does not take away the common law right of the husband to the choses in action of the wife, and his indorsement therefore, alone, was sufficient to pass the title. See *Lowrie* v. *Craig*, 1 George (Miss. R.) 19.

2. But conceding that the wife had a joint interest in the note, yet she has the power of unrestricted disposition of her personal estate other than slaves, unaffected by the Act of 1839. At common law she was as to her separate estate, a *feme sole*, except so far as she was restrained by the instrument creating it.

3. There is no pretence for the claim of Work to be exempt from interest. He ought to have paid the money into court; instead of that, he contested and still contests the right of both the attaching creditor, and the plaintiff, to have the money.

HANDY, J., delivered the opinion of the court.

This was an action of assumpsit founded on a promissory note made by the plaintiff in error, for $650, payable to John B. Steger and Lucy his wife, dated September 20, 1841, and due, 1st September, 1842, the consideration of which was stated on its face to be " the crop, stock, &c., sold " to the maker. It was specially indorsed by the payees, both husband and wife, to George W. Amos, who indorsed it to the defendant in error.

The defendant below pleaded non assumpsit, and on the trial, read in evidence, the record of a proceeding in attachment, whereby, on the 7th January, 1842, he was summoned as a garnishee of Lucy Long and Howell Hobbs, administrators of Harry Long deceased, upon a judgment obtained against them by one Dunlap, and to which he made answer on the 1st July, 1845, stating that he had executed the note sued on in this case, to the payees; the said Lucy being the same who administered on the estate of her deceased

husband, Long, jointly with Hobbs, and upon which this suit had been brought, but he denies that he has any effects of either said Lucy and Hobbs as administrators, or individually, in his hands. No steps appear to have been taken in that cause, except that it was continued from term to term after the filing of this answer, until March Term, 1856, when it was abated by a suggestion of the plaintiff's death.

Upon this evidence, a verdict was rendered for the plaintiff below, for the amount of principal and interest of the note; a motion was made by the defendant for a new trial, which was overruled, and hence the case is brought here.

The questions raised here in behalf of the plaintiff in error, arise upon the instructions, asked at his instance and refused, and those granted in behalf of the plaintiff.

The defendant asked the following instruction, which was refused: "The attempt of Mrs. Steger, wife of John B. Steger, to transfer an interest in the note sued on, was inoperative and passed no title; and if the jury believed she had a legal interest in said note, plaintiff cannot recover, for want of a legal title to the whole note."

And in lieu of that instruction, the court gave the following: "If the note sued on was made payable to John B. Steger and his wife, after the passage of the Act of 1839, and before the passage of the Act of 1846, on the subject of the rights of married women, the whole legal interest in the note was in the husband, and he could transfer it by his own indorsement, and (if) his wife joined him in the indorsement, it would not invalidate the transfer."

By the common law, the husband was competent to sue for or transfer, in his own name, a note payable to himself and his wife jointly. If it be conceded that this right was taken away by the Act of 1839, in relation to the rights of married women, yet it would only be so, with reference to property held by the wife, to her sole and separate use; and there is no proof in this case that the property for which this note was given was so held. It does not appear when they were married; and the property might have belonged to the wife whilst sole, and been reduced to possession by the husband, before the passage of the Act of 1839; or it might have been the product of the separate estate of the wife, held under

that Act.    In either of these cases, the consideration for which the note was given, would have been the property of the husband, though the parties might not so have considered it.    In the absence of all proof upon the subject, the presumption should certainly prevail, that the note was not given for the separate property of the wife, or to her sole and separate use; because it is made jointly to her husband and herself; and therefore, there is nothing shown, to take it out of the common law rule.    Hence, the second instruction above stated was not erroneous.

The same reason would justify the refusal of the above instruction asked by the defendant below.    But that instruction was properly refused for another reason.    Supposing that the property, for which the note was given, was the separate property of the wife under the Act of 1839, there is nothing in that Act in derogation of the power of the husband and wife to transfer it by their joint indorsement.    The Act prescribes the manner in which slaves, the separate property of the wife, shall be conveyed; and that has been held to be prohibitory of any other mode of conveyance of that species of property.    But it does not extend to other kinds of property; and the power of disposition of such property stands as it was at common law; and there the rule is, that a feme covert, having a separate estate, without restriction to any particular mode of disposition, may act with it as a feme sole, and charge it with debts of her own contracting.    2 Roper Husb. & Wife, 240, and cases there cited.

Our statute authorizes all promissory notes to be transferred by the indorsement of the person or persons to whom they are payable; and as there is nothing restrictive of this right in the statute of 1839, and the power of the wife to do such an act is recognized by the rules of the common law, it is clearly competent to transfer such paper by the joint indorsement of the husband and wife.  Such an act is not within the mischief intended to be remedied by that statute; and if the power did not exist, the greatest inconvenience might arise from it.    For as such paper can only be transferred, so as to pass the legal title, by indorsement, it would be impossible to transfer a note payable to the wife, or to the husband and wife, being her separate property, even for collection, or for any other purpose, however beneficial to the interest of the wife; and the con-

sequence would be, that no such note could be safely taken.   And this evil could only be avoided by the still greater mischief of taking such evidences of debt in the names of other persons, which would be both hazardous, and an evasion of the statute, or of taking no obligations at all in writing for debts due a married woman on account of her separate estate.

Again : it is also insisted that the court erred in refusing the following instruction asked by the defendant.

"Defendant is not chargeable with interest for the period intervening between the time when the writ of garnishment was served upon him and when the same was finally disposed of."

And in instructing the jury, that he was liable for interest for such intervening time, "unless he deposited the amount due in court, to await the determination of the garnishment."

By our statute, promissory notes bear interest; and that becomes a matter of right in the creditor holding the note, as much as the principal.   It is a right to which he is entitled by contract, and of which he cannot be deprived by the mere intervention of a third party, without fault or laches of his own.   And however the question may be, in that class of cases where interest is allowed by courts upon the general equitable principle, of giving damages for the unjust detention of the creditor's money, and in which courts, in their equitable discretion, have held that parties, who have been prevented by legal process, from paying money due by them, should not be subjected to damages, as for an unjust and unconscientious failure to pay the debt, where the interest is by law a necessary incident to the contract, it is a right of which the creditor cannot be deprived but by his own conduct.   For that would clearly be an impairing of the contract.   The creditor holds his debtor's note, to which the law affixes the right of interest, in case of default of payment at maturity, as a part of the contract.   He has done no act to forfeit that right; and yet because a third party has seen fit to interpose and claim the money unjustly, but by legal process to which he was not a party, it is claimed by the debtor, that the creditor must lose his just legal right.   If so, where is his remedy, in case the party interposing fail in his claim ?   For he must surely have a remedy somewhere for the injury occasioned him.   It cannot be against the party who has sought to appropriate the debt to his

own use; for that proceeding did not necessarily prevent him from collecting his debt by law. It is manifest that his right must remain unimpaired against his debtor, according to the obligation of his contract.

This can work no hardship upon the debtor, for he has it in his power, at all times, to cause the parties to interplead, and to discharge himself from further liability by bringing the money into court. But the contrary view would both deprive the creditor of the benefit of his contract, and subject him to a loss without fault on his part, and for which he would be without redress.

But in addition to this, the plaintiff in error was not entitled to allowance for interest, upon the principles stated in the authorities relied upon in his behalf.

It appears that he made no defence to the action, on the ground of the pendency of the garnishment. Indeed, his answer in that proceeding substantially denies his liability to the claim therein sought to be established, by reason of this note. When sued in this action, he denied *in toto* the plaintiff's right to recover, and clearly shows that the pendency of the garnishment was not the reason of his failure to pay the note. He does not say, that he would have paid the money but for the garnishment, but insists that the plaintiff was not entitled to recover anything, apart from the garnishment. According to the principle stated in the authorities referred to, it was not the garnishment which prevented the payment of the note; and, therefore, he will not be permitted to say, that he was constrained by the garnishment from paying, and yet had to keep the money always ready to pay, when the rights of the parties claiming it should be settled; and it is upon that principle, and in cases of that kind, that the authorities relied upon absolve him from intervening interest. *Georgia Ins. Co.* v. *Oliver*, 1 Kelly, 38, and cases there cited. It is evident, that the plaintiff in error does not bring himself within the operation of the rule relied upon, even if it was applicable to a contract like the one involved in this case.

We perceive no error in the judgment, and it must be affirmed.