## CHARLES H. SMITH *v.* GERMAN BANK.

1. GARNISHEE. *In chancery. Liability for interest on debt, pendente lite*
   Where a garnishee in a suit in chancery retains the money due on the debt in respect to which he has been garnished till final decree rendered directing payment thereof, he is liable for interest accruing during the pendency of the litigation. To avoid such liability, the garnishee must have paid the money into court. *Work* v. *Glaskins,* 33 Miss. 539, approved.

2. SAME. *Right of payment into court. Principle in equity.*
   The right of a garnishee in a suit in chancery to pay the money in controversy into court, and thus relieve himself from further liability on account thereof, is not founded upon our statute authorizing such payment in an action at law, but upon the principle of interpleader in equity.

APPEAL from the Chancery Court of Washington County. Hon. W. G. PHELPS, Chancellor.

On the seventh day of April, 1880, F. A. Cox and others filed a bill against W. H. Johnson and James B. Johnson, and in connection therewith sued out an attachment which they caused to be served on Charles H. Smith, as garnishee. On the 5th of March, 1881, the German Bank [of Greenville, Miss.], having been admitted as a defendant to the bill, filed an answer which it made a cross-bill against the complainants and defendants in the original bill and the garnishee Smith. The purpose of the garnishment was to attach an indebtedness of Smith to the defendant James B. Johnson on two notes, one of which was for $2,500, due the 1st of November, 1880, and bearing ten per cent interest from maturity. The answer of the German Bank alleged that, prior to the maturity of the $2,500 note, it had become the holder and owner of the same, for value, in good faith, and without notice of the complainant's claims in respect thereto, and prayed for a decree requiring the defendant Smith to pay to it the principal and interest due on this note.

Smith answered both the original and cross-bill, admitted his indebtedness on the $2,500 note, and stated his readiness to pay the same to whomsoever the court should direct him to pay it. In answer to the cross-bill, he stated " that at the time said

note fell due he had on deposit in the Bank of Greenville money more than sufficient to pay said note, which was bringing him no interest, and has kept more than enough to satisfy said note on deposit continuously since said note was due, and that he would have paid said note promptly at maturity, but for this attachment; but he denies that he is liable to pay interest on said note."

On the 27th of October, 1881, a decree was rendered declaring the German Bank entitled to recover the sum of the principal of the $2,500 note and interest thereon from the maturity thereof to the date of the decree, and directing Smith to pay the same. From this decree Smith appealed. The error assigned is that the decree of the court below charged him with interest on the note pending the suit and before the rendition of the decree.

*Frank Johnston*, for the appellant.

1. In garnishment cases at law, Drake says, in respect to cases where the contract calls for interest, " it may be laid down as a general proposition that the garnishee should not be charged with interest." Drake on Attach., sect. 665. Where the contract expressly bears interest, the trustee is not liable for interest, where he is ready to pay, and holds money unemployed to await the decision of the law. *Blodgett* v. *Gardiner*, 45 Me. 542. *Norris* v. *Hall*, 18 Me. 332, was the case of a contract expressly bearing interest. It was there held that he was not liable for interest, where he was ready to pay and held money unemployed, with which to make payment. 18 Me. 332.

It was said in *Fitzgerald* v. *Cadwell*, 1 Yeates, 279, a garnishee was a stakeholder. He cannot pay the original creditor, because he might be liable to pay twice, and the law does not require anything so unreasonable. It is the established custom that a garnishee is not liable to pay interest pending an attachment. 1 Yeates, 279. This was affirmed in *Updegaff* v. *Spring*, 11 Serg. & R. 188. So in *Jackon's Exrs.* v. *Lloyd*, 44 Pa. St. —, interest was not allowed except

where there was fraud or collusion, or unreasonable delay caused by the garnishee. The Supreme Court puts his non-liability for interest on the ground that he is liable to be called on to pay at all times. *Mattingly* v. *Boyd*, 20 How. U. S. 132.

In *Quigg* v. *Kittridge*, 18 N. H. 137, where the garnishee was not in default, he was held not liable. In *Prescott* v. *Parker*, 4 Mass. 170, no interest was allowed. *Adams* v. *Cordis*, 8 Pick. 260, was a case where the contract stipulated for interest. It was decided that the garnishee was not liable for interest *pendente lite*, where the fund was, in fact, and not fictitiously, locked up. Where he avers a readiness to pay, and admits the indebtedness, he is not liable. *Stevens* v. *Gualting*, 9 Mo. 63. This is the rule announced in *Clark, Bro. & Co.* v. *Powell & Co.*, 17 La. An. 177. And so in *Little* v. *Bowen*, 32 Ga. 21, 22. See also *Willings* v. *Consiqua*, Pet. C. Ct. 321; *Brown* v. *Selsby*, 10 N. H. 521; *Fitz-Gerald* v. *Caldwell*, 2 Dall. 215.

2. Counsel has called attention to *Work* v. *Glaskins*, 33 Miss. 545. But that was at law, and applied strictly to the case of an interpleader at law. A case specially provided for in attachment suits at law. The statute in regard to an interpleader at law and the deposit of the money with the circuit clerk, has no sort of application to an equity cause, or to the chancery clerk.

Sect. 2449 has exclusive reference to cases at law; to the Circuit, and not to the Chancery, Court. The latter has full power to make any order required by the case. It could have enjoined the fund and left it in the hands of Smith, or, on his original answer, could have directed him to pay the money into court, or to deposit it to the order of the court.

*R. B. Campbell*, for the appellee.

The question presented is, can appellant, who contracted to pay interest on the note (and in the note) from maturity until paid, defeat the recovery of interest by an indorsee of the note simply because he was ready and willing to pay the note, and

would have done so, but for the fact that he was restrained from doing so by legal process, sued out by a third party, without, and perhaps against, the consent of the indorsee?

To hold that he can seems to me to be reforming and changing the terms of a contract with a high hand. The court could, with equal authority, deny the recovery of the principal; for when the decree was rendered, the accrued interest was part and parcel of the debt. It was fixed by the parties, and did not result by way of damages. A jury would have had no discretion in the matter; it would have been compelled to allow the interest. Appellant might successfully deny the bank's right to interest, on the ground "that he was restrained by law" from paying the note—if interest resulted by way of damages — because the detention of the principal would not have been wrongful, but rather commendable, in that it was in obedience to law. But the law's command and the debtor's obedience do not absolve a debt honestly made. The fact that the note bore interest "from maturity," and not "from date," cannot render the interest any the less a debt. Mr. Drake, in his work on Attachment, in speaking of the garnishee's liability to pay interest, says : "In Massachusetts, the rule now is, in regard to a debt bearing interest, that the presumption is that the garnishee is prevented by law from paying the debt, or using the money; and if, in fact, he does not use it, he will not be chargeable with interest." And in summing up the different cases cited by him, he says : "Probably the rule will eventually be generally acquiesced in, as laid down in Massachusetts." This case is not at hand, but it must be a case where interest results by way of damages, and not as incident to the debt. He cites several cases, all of which seem to depend on whether or not the garnishee had used the money in any way. Among his citations is *Mattingly* v. *Boyd*, 20 How. — ; but that case shows that interest was not contracted for, but simply would result by way of damages; and because the garnishee had used the money, the court held him liable for interest. But whether the cases cited sustain the "text" or not,

Mr. Drake cites a case from Virginia, which holds that a garnishee must pay the money into court to avoid liability for interest; and this case is precisely the rule in this State.   See *Work* v *Glaskins*, 33 Miss. 539.

CHALMERS, J., delivered the opinion of the court.

Whatever may be the rule in other States, it is distinctly settled in this State by the case of *Work* v. *Glaskins*, 33 Miss. 539, that a garnishee is liable for interest on the debt due by him *pendente lite*.   Nor do we think that if it was a question of first impression, we would be disposed to announce a different conclusion.   A garnishee who admits the debt due, and is unwilling to retain the money on interest, can always escape the necessity of doing so by paying it into court; and if he does not do this, it is proper that the continued payment of interest should fall on him rather than that its loss should be suffered by the creditor who is legally entitled to receive, and cannot be deprived of it, where he has done nothing to subject him to such an impairment of the obligation of his contract.

It is urged by counsel for the appellant that *Work* v. *Glaskins* was an action at law, and that while in such actions we have a statute authorizing the garnishee to pay the money into court, and thus free himself from further liability, that there is no such statute with reference to defendants in chancery. The obvious reply to this suggestion is that this right always existed in chancery, and that the enactment of the statute referred to was but the adoption into courts of law of the principle of an interpleader in equity.   The garnished defendant (appellant), in this case, insists that he always had sufficient money in bank to pay this debt; that he was always anxious to pay the principal of it, and would have done so at maturity had he not been prevented by the garnishment served upon him.   He does not allege that the money was on special deposit for the purpose of meeting this debt, and, for aught that appears, it may have constituted a part of his general balance. He was invited by complainants, in their bill, to pay the money

into court, but did not do it.  If he was as anxious to pay the principal of the debt as he claims to have been, it is a little singular that, after final decree went against him for both principal and interest, he did not pay the former and appeal only from so much of the decree as mulcted him for the interest.  Instead of doing this, he gave a *supersedeas*-bond for the whole of the very considerable amount due, thus subjecting himself to the daily accumulating interest on the whole, and taking the risk of having it still further swelled by imposition of five per cent damages on affirmance.