### F. V. BRAHAN *v.* FIRST NATIONAL BANK OF CLARKSVILLE.

1. NOTE. *Stipulation for attorney's fee. ·Validity.*

   A stipulation in a note to pay ten per cent. commission in addition to principal and interest, if not paid at maturity, and' if collected by an attorney, is valid. *Meacham* v. *Pinson,* 60 Miss., 217; *Eyrich* v. *Bank,* 67 *Ib.,* 60.

2. SAME. *Garnishment. Duty to pay into court.*

   Where the maker of a note containing such a stipulation is garnished in respect to the debt, and fails to pay into court the same, when due, he continues liable to an action on the note, and to pay the commission, if collection is made by an attorney; and this, although he pays promptly after being discharged as garnishee. *Smith* v. *Bank,* 60 Miss., 69.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

F. V. Brahan executed eight notes, payable to the order of L. A. Ragsdale, and maturing regularly at intervals of six months. The first and second notes were paid at maturity. Several others, having matured, were not paid, and the First National Bank of Clarksville, Tenn., to which the notes had· been transferred for value, placed them in the hands of attorneys for collection. Subsequently Brahan paid to said attorneys the principal and interest of all the notes, but declined to pay the commission provided for on the face of the notes, and, by agreement, such payment was accepted without prejudice to the right of the bank to test the liability of Brahan for the commission, and for that' purpose this suit was brought.

Defendant sought to escape liability for such commission by showing that, before maturity of the said notes, a suit was instituted in the chancery court of Lauderdale county against L. A.. Ragsdale, wherein defendant and other persons indebted to said Ragsdale were garnished; that by reason of the pendency

of said suit he was prevented from paying said notes as they fell due; that the suit was terminated by decree in the supreme court dismissing the bill; and that, promptly thereafter, defendant paid the attorneys of plaintiff the principal and interest of all the notes.

The opinion contains a further statement of the case. There was a judgment for plaintiff for ten per cent. commission on such of the notes as were due when paid, and defendant appeals.

*Jno. W. Fewell,* for appellant.

This court should not extend its sanction to contracts for the payment of attorney's fees, but should limit the right to cases where collection is made by suit. The true meaning of such contracts is that if collection be made by attorney by means of suit—the usual way in which attorneys collect debts—the fee should be paid; if there is no necessity to employ an attorney, the commission should not be allowed. Contracts of this sort are contrary to public policy, since they encourage usury and litigation.

It is not controverted that appellant made payment promptly after being released from garnishment. Until then he could not pay, and was not required by law to pay.

*Walker & Hall,* for appellee.

The provision in the notes for an attorney's fee is valid. *Meacham* v. *Pinson,* 60 Miss., 217; *Eyrich* v. *Bank,* 67 *Ib.,* 60.

It is admitted that the contingencies upon which appellant agreed to pay the attorney's fees had happened. His liability is beyond question, and judgment should be affirmed.

Argued orally by *J. W. Fewell,* for appellant, and *G. Q. Hall,* for appellee.

ALEXANDER, Special J., delivered the opinion of the court.

In each of the notes executed to Ragsdale, appellant agreed

to pay ten per cent. commission on the face thereof, "if not paid at maturity, and if collected by an attorney." The validity of such stipulations has been more than once affirmed by this court, and is no longer an open question in this state. *Meacham* v. *Pinson*, 60 Miss., 217; *Eyrich* v. *Bank*, 67 *Ib.*, 60.

It is not controverted that the judgment appealed from represents the commissions only on such of the notes as were past due when placed in the hands of appellee's attorneys, who afterwards collected the principal and interest. Appellant rested his defense in the court below, and seeks a reversal here, on the ground that, before maturity of said notes, he was garnished in the chancery suit against Ragsdale, and paid the principal and interest promptly after his discharge, consequent upon the dismissal of the suit; that the services of attorneys were unnecessary, since he would have paid at maturity but for the garnishment. Instead of demurring to defendant's plea setting up these facts, plaintiff joined issue thereon, and the evidence was mainly directed to the controverted question, whether defendant, in fact, promptly and voluntarily made payment after being released from the garnishment.

As we view the case, this issue was immaterial. The mere pendency of the garnishment against Brahan did not exempt him from liability to an action on the notes. Ragsdale or his assignee still had the right to reduce the notes to judgment, this being a mere step towards collecting them. *Railway Co.* v. *Fulton*, 71 Miss., 385. If appellant had wished to escape possible liability for attorneys' fees and accumulating interest, he should have availed of his privilege to pay into court the amount of the notes as they fell due, suggesting the fact of their negotiation if known to him. *Smith* v. *Bank*, 60 Miss., 69. He failed to pursue this course, and, as appears from his own testimony, did not care to be released from the garnishment. The result reached, however arrived at, is the only one proper under the evidence, and the judgment is

*Affirmed.*

WOODS, J., being disqualified by reason of relationship, C. H. Alexander, Esq., a member of the bar, was selected by agreement of the parties to sit in his place in the hearing and decision of the foregoing cause.