BANK OF CLARKSDALE *v.* PLANTERS' NAT. BANK.

(Division B.  Jan. 20, 1930.)

[125 So. 837.  No. 28328.]

Cutrer & Smith; of Clarksdale, for appellee.

Argued orally by **Julian C. Wilson**, for appellant, and by **E. W. Smith**, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The Bank of Clarksdale issued its check to J. W. Cutrer, attorney for defendants, in a certain suit in Clarksdale, Mississippi, in the sum of eighteen thousand one hundred fifty-three dollars and forty cents. Cutrer assigned the cashier's check to the Planters' National Bank for value; but, after the assignment, and before presentation for payment, an injunction had been sued out against Bank of Clarksdale prohibiting the Bank of Clarksdale from paying the check to J. W. Cutrer. When the check was presented for payment, the injunction writ having been served, the Bank of Clarksdale refused to pay the check, and it was protested for nonpayment, and thereafter suit was filed in the circuit court against the Bank of Clarksdale by the Planters' National Bank for amount of the note, protest fees, and interest.

The Bank of Clarksdale did not pay the money into court, but set up as a defense to the proceeding the injunction suit sued out against it to prevent the payment. It appeared on the trial that, when the injunction was sued out after the check was issued by the Bank of Clarksdale, and before its presentation for payment, the Bank of Clarksdale sought to have the injunction dissolved, and on hearing it was dissolved, and an appeal allowed to this court with supersedeas.

The Bank of Clarksdale at no time paid the money into either the chancery court or the circuit court, nor was it paid to the Planters' National Bank until after final judgment in this case in the court below when the principal of the check was paid, but judgment for interest and protest fees was resisted, and a judgment allowing them is appealed from here, and constitutes the present appeal.

We are of the opinion that the judgment of the court below was correct. The cashier's check of the bank amounted to a contract to pay the money on demand, and, when it was not paid on demand, it was subject to protest and interest began to accrue on it, notwithstanding the fact that the bank had been enjoined by a third party from paying the check. We think the principles announced in Work v. Glaskins, 33 Miss. 539; Smith v. German Bank, 60 Miss. 69, and Brahan v. First National Bank of Clarksville, 72 Miss. 266, 16 So. 203, are applicable.

The Bank of Clarksdale should have paid the money into court and impleaded the parties, if it desired to escape interest and protest fees. Furthermore, the bank had the use of the money during the period between the presentation for payment and the rendition of the judgment, and, if it was injured or deprived by the injunction of any rights or privileges, or was damaged thereby, it had a right of action against the party enjoining it on the injunction bond for such damages. In other words, there was protection for the Bank of Clarksdale, but there was none for the Planters' National Bank, which bank was deprived of the use of its money during the period.

We think, therefore, the judgment of the court below is correct, and it will be affirmed.

Affirmed.