AETNA INS. Co. *et al. v.* NATCHEZ HOTEL Co. *et al.*

(Division A.  May 18, 1931.)

[134 So. 582.  No. 29410.]

Brandon & Brandon, of Natchez, and **J. C. Hollingsworth** and **R. W. Leche**, both of New Orleans, La., for appellants.

Brandon & Brandon, of Natchez, for appellants.

822

824

**Kennedy & Geisenberger,** of Natchez, for appellees.

Argued orally by **Gerard Brandon** and **R. W. Leche**, for appellants, and by **W. A. Geisenberger**, for appellee.

**Cook, J.,** delivered the opinion of the court.

Another branch of this cause was before this court at a former term, and the opinion then rendered is reported in Davis v. Natchez Hotel Co., 158 Miss. 43, 128 So. 871; and reference is here made to that opinion for an outline of the pleadings, issues, and contentions of the parties up to the time of the first appeal, and the subsequent remand of the cause to the lower court. One additional statement in reference to the pleadings prior to the first appeal may be of value in explanation of the subsequent pleadings, and that is that the appellant insurance companies filed an answer to the bill of complaint, in which they denied all knowledge of any transactions between the complainants therein and the Natchez Hotel Company, and set forth in detail the facts in reference to the insurance contracts, and the adjustments of losses thereunder, the attachment and garnishment proceedings between Liza S. Davis and her husband A. V. Davis, and the Natchez Hotel Company, in the Louisiana court, and their answers thereto, in which they denied any liability to said hotel company, but averred that the sums of money admitted to be due were payable by statute, and by contract, to the Britton & Koontz National Bank, as trustee for the bondholders, as the interest of the bank, as trustee, might appear. They further averred that immediately on service of summons on them in the Louisiana proceedings they notified the Britton & Koontz National Bank and the Natchez Hotel Company of the suit, and that the effect thereof was that they could not voluntarily make payments to either of them, and calling upon them to appear in said suits and defend their rights therein as against the said Mrs. Liza S. Davis and her husband, and thereby protect and

save harmless the said insurance companies as stake-
holders, and relieve them of any cost or expense incident
thereto; that the said hotel company and bank failed
and neglected to do so, but did have their attorneys
present in court at the trial of the traverse of the an-
swer filed by them in the Louisiana proceedings.

This answer further averred that the plaintiff and
and attaching creditor in the Louisiana suit traversed
the answers filed by them; that, after a full trial in the
Louisiana civil district court, a judgment was rendered
against them for the amounts admitted by them to be
due on the aforesaid insurance contract; that at various
stages of the proceedings in Louisiana they repeated
their request to the hotel company and Britton & Koontz
National Bank to defend their rights therein; that, fol-
lowing their failure or refusal to appeal from the judg-
ment rendered by the Louisiana court, they (the insur-
ance companies) perfected an appeal to the proper Court
of Appeals, with supersedeas, and paid all necessary
fees to perfect such an appeal; and that in these pro-
ceedings they were required to employ counsel and incur
attorneys' fees in a large amount; and the answer was
made a cross-bill, presenting as counterclaim the ex-
penses and attorneys' fees incurred by them in the
Louisiana suit, and in the proceedings now before this
court.

While the cause was pending in this court on the ap-
peal of Mrs. Davis and her husband, the several de-
fendant insurance companies filed a supplemental an-
swer and cross-bill, setting forth at length and in detail
their position as stakeholders between the said Mrs.
Davis and the Natchez Hotel Company and the Britton
& Koontz National Bank, and their acts in connection
with the said Louisiana litigation, the expenses and at-
torneys' fees necessarily incurred therein, and also the
expenses and attorneys' fees incurred in the present
proceedings, all of which they propounded as counter-

claims to be paid out of any money due by them under the said insurance contracts, and averred that on May 8, 1930, upon the motion and at the request of the plaintiff therein, Mrs. Liza S. Davis, the Louisiana suit against the Natchez Hotel Company was finally abandoned and dismissed; and thereupon, with this amended answer, they tendered into the chancery court of Adams county the several amounts due by them, and prayed that they be allowed out of the funds the expenses incurred in said suit, including an attorney's fee of one thousand dollars, and be relieved of all liability, costs, charges, and expenses, over and above the sums deposited in court; it being averred that such sums were paid into court with all reasonable dispatch, after the disposition of the Louisiana suit.

To the joint answer and cross-bill of the defendant insurance companies, the Natchez Hotel Company and Britton & Koontz National Bank interposed demurrers, and, upon a hearing thereof, the court sustained these demurrers and dismissed the cross-bill; and the defendants Mrs. Liza S. Davis and A. V. Davis having withdrawn all answers and other pleadings filed by them in said cause, the court thereupon entered a final decree, directing the clerk to pay over to the Britton & Koontz National Bank the sums and amounts which had been paid into court by the defendant insurance companies, and awarding a recovery from the said defendant insurance companies of the respective amounts admitted to be due by them under the several insurance contracts, with interest at the rate of six per cent per annum from February 6, 1929, the date of the filing of the original bill herein in the chancery court of Adams county, to May 26, 1929, the date of the payment of said sums into court, and all costs expended in this cause. From this decree the several said insurance companies prosecuted this appeal.

The appellants present three contentions which it will be necessary to pass upon in the disposition of this appeal; these contentions being, first, that the court below erred in refusing to allow them, out of the funds paid into court, the expenses and court costs incurred in the Louisiana litigation, amounting to one hundred forty-one dollars and thirty-three cents, and attorneys' fees incurred by them in the sum of one thousand dollars; and, second, that the court erred in awarding a decree against them for interest on the sum paid into court, from February 6, 1929, to May 26, 1930; and, third, that the court erred in taxing them with all costs of this proceeding.

Upon the contention of the appellants that they were entitled to be reimbursed out of the sums due by them under the contracts of insurance and the mortgage clauses attached thereto, their argument proceeds throughout on the theory that the money so due constitutes trust property, or a trust fund, in the protection, preservation, and proper application of which they had an interest, and a legal duty to perform.

The contention that, after the adjustment of looses under the policy contracts, the relation between these insurance companies and the policyholder and its mortgagee, under the mortgage clauses attached to the policies, was that of trustee and cestui que trust, is not maintainable. The relation was rather that of debtor and creditor, and the creditor to which the funds were, in fact, payable under and by virtue of the mortgage clauses attached to the policy contracts was not a party to the Louisiana attachment proceedings. The fortuitous circumstance that these appellants were required to incur expenses in protecting themselves from paying the funds to one asserting an unfounded claim thereto did not in any way affect the amount of their admitted liability to the mortgagee to which the funds were payable, and did not entitle them to reimbursement out of the funds

so due for costs, expenses, and attorneys' fee incurred in protecting themselves from the danger of double payment of the amounts due.

The appellants next contend that it was error to charge them with interest on the amounts admitted to be due and owing to the Britton & Koontz National Bank from February 6, 1929, the date of the filing of the original bill in this cause, to May 26, 1930, when the principal of said amounts was paid into court.

We have reached the conclusion that under the doctrine announced in the case of Work v. Glaskins, 33 Miss. 539, and reaffirmed in the case of Smith v. German Bank, 60 Miss. 69, the court below committed no error in allowing this interest. The adjusted losses under the policy contracts bore interest, as a legal incident, from the time they were due to be paid to the party entitled thereto by statute and contract, and the failure or inability of the appellants to pay was due to no act or fault on the part of the creditor. In the case of Work v. Glaskins, supra, the court said that:

"It [interest] is a right to which he is entitled by contract, and of which he cannot be deprived by the mere intervention of a third party, without fault or laches of his own. And however the question may be, in that class of cases where interest is allowed by courts upon the general equitable principle, of giving damages for the unjust detention of the creditor's money, and in which courts, in their equitable discretion, have held that parties, who have been prevented by legal process, from paying money due by them, should not be subjected to damages, as for an unjust and unconscientious failure to pay the debt, where the interest is by law a necessary incident to the contract, it is a right of which the creditor cannot be deprived but by his own conduct. For that would clearly be an impairing of the contract. The creditor holds his debtor's note, to which the law affixes the right of interest, in case of de-

fault of payment at maturity, as a part of the contract. He has done no act to forfeit that right; and yet because a third party has seen fit to interpose and claim the money unjustly, but by legal process to which he was not a party, it is claimed by the debtor, that the creditor must loose his just legal right. If so, where is his remedy, in case the party interposing fail in his claim? For he must surely have a remedy somewhere for the injury occasioned him. It cannot be against the party who has sought to appropriate the debt to his own use; for that proceeding did not necessarily prevent him from collecting his debt by law. It is manifest that his right must remain unimpaired against his debtor, according to the obligation of his contract.''

The asserted hardship resulting from the application of this doctrine is more apparent than real; for the appellants retained this money throughout the pendency of the litigation in Louisiana, and, for aught that appears in this record, had the full and free use thereof during that time.

The decree against the appellants includes interest accrued to May 26, 1930, and provides that the amounts adjudged to be due shall bear interest at the rate of six per cent per annum from the date thereof, and the appellants contend that it was error to allow interest on the interest incorporated in the amounts decreed to be due by each of them. There is no merit in this contention. We have already held herein that interest on the principal sum due was recoverable, and by statute, section 1949, Code of 1930, all judgments and decrees other than those founded on the contract fixing the rate of interest shall bear interest at the rate of six per cent per annum.

The appellants next complain of the action of the court below in taxing them with all the costs of this suit. The appellee instituted this proceeding primarily against Mr. and Mrs. Davis, seeking to enjoin them from further prosecuting the suit in the Louisiana court, and

832

in the final decree here appealed from this injunction was made perpetual, and we do not think these appellants should have been taxed with any of the costs of the suit other than those which were incurred by them, and which were incident to the disposition of the counterclaims asserted by them. Consequently, in so far as the decree of the court below taxed the appellant with all the costs of the suit, it will be reversed, and a decree will be entered here, taxing them with all the costs incurred by them in the court below, and all costs incident to the disposition of their counterclaims. In all other respects, the decree will be affirmed, and three-fourths of the costs of this appeal will be taxed against the appellants, and one-fourth against the appellees; and the cause will be remanded for such further taxation of the costs of the court below as may be necessary and proper.

Affirmed in part, and reversed in part, and remanded.