WALKER, Justice:
ON MOTION TO CORRECT JUDGMENT
This is on motion of Ainsworth, the ap-pellee and cross-appellant, to correct the assessment of cost of this appeal.
The record reflects that the appellant, Porter, instituted suit in the court below to which there was an answer and cross-bill filed by Ainsworth. After a hearing thereon, the chancery court entered a judgment in favor of Porter in the sum of $37,068.-85. Porter, feeling aggrieved by the judgment of the lower court, appealed to this Court, and Ainsworth cross-appealed. We affirmed and a petition for rehearing was denied.
When preparing the judgment here, the Clerk assessed all costs of appeal plus the statutory penalty of five percent against the appellee, cross-appellant, Ainsworth together with interest of six percent on the judgment.
Ainsworth, appellee and cross-appellant, asserts- in his motion that:
(1) This Court has erroneously awarded statutory damages of five percent to appellant.
*710 . (2) This Court has erroneously awarded cost in this Court to appellant.
(3) This Court has erroneously awarded interest to appellant on the amount awarded by the court below.
We are of the opinion that Item No. 1 of appellee’s motion is well taken and is sustained. The statutory damage of five percent called for in Section 1971, Mississippi Code 1942 Annotated (1956) should have been assessed against Porter who was the unsuccessful appellant even though Ainsworth cross-appealed. In the recent case of Housing Authority of City of Gulfport v. Barbee, 283 So.2d 591, 592 (Miss.1973), this Court said:
The litigant who first initiates an appeal was construed by us in Pearce v. Ford Motor Company, 235 So.2d 281 (Miss.1970) to be the appellant referred to in Section 1971 against whom damages are to be assessed upon affirmance without change of the lower court’s judgment.
 We are of the opinion that Item No. 2 of appellee’s motion is well taken and is sustained in that it was error to assess all costs against the appellee, Ainsworth. In Humphreys v. Thompson, 130 So. 152 (Miss.1930), the Court held that the question of assessing costs under Section 1971 is separate from the assessment of damages and that the Court has discretion in apportioning the cost of appeal. Therefore, we are of the opinion that the cost of this appeal should be assessed at sixty-five percent against the appellant, Porter, and thirty-five percent against the appellee, cross-appellant, Ainsworth. See also Pearce v. Ford Motor Company, 235 So.2d 281 (Miss.1970) and Shipman v. Lovelace, 215 Miss. 141, 60 So.2d 559 (1952).
We are of the opinion that Item No. 3 of appellee’s motion is not well taken and is overruled. He there contends that he should not be assessed interest at the rate of six per centum per annum from the date of the decree in the court below since it was the action of the appellant in appealing the lower court’s decision which postponed the prompt payment of the judgment. We are of the opinion that this contention is controlled by Section 39, Mississippi Code of 1942 Annotated (1956) which reads as follows:
All judgments and decrees founded on any contract, shall bear interest, after the rate of the debt on which the judgment or decree was rendered. All other judgments and decrees shall hear interest at the rate of six per centum per annum. (Emphasis added).
Therefore, the assessment of interest at the rate of six percent from the date of the entry of the decree of the lower court until satisfied was correct. United States Fidelity & Guaranty Co. v. Stafford, 253 So.2d 388 (Miss.1971); Cooper’s, Inc. of Mississippi v. Long, 224 So.2d 866, 871 (Miss.1969); Aetna Ins. Co. v. Natchez Hotel Co., 160 Miss. 818, 134 So. 582 (1931). The fact that Ainsworth cross-appealed does not alter the requirements of Section 39 which calls for six per centum per annum interest on the decree or judgment. The appellee, cross-appellant, could have avoided the accrual of six percent interest on the lower court’s decree by paying the amount of the judgment into the lower court.
The Clerk shall retax the cost of appeal consistent with this opinion.
Motion is sustained in part and reversed in part.
RODGERS, P. J., and PATTERSON, INZER, and BROOM, JJ., concur.