TEASLEY *et al. v.* ROBERSON *et ux.**

(Division A.    Jan. 16, 1928.)

[115 So. 211.    No. 26672.]

1. HUSBAND AND WIFE.    *Evidence failing to show defendant's husband was doing business with her property, on which her liability depended, directed verdict was proper (Hemingway's Code 1927, section 2189).*

   Where it was sought to hold a defendant on the theory that her husband was doing business with her property, so that, under Code 1906, section 2521 (Hemingway's Code 1927, section 2189), he was to be considered her agent, and the evidence wholly failed to show he was doing so, direction of verdict for her was proper.

2. BOUNDARIES.    *Defendant, as regards liability for cutting timber, held not entitled to have old line treated as correct line because plaintiffs mistakenly pointed it out as such.*

   Though a line established more than ten years before had mistakenly been treated by plaintiffs and adjoining landowners as the correct dividing line, and plaintiffs, erroneously supposing it to be the true line, pointed it out as the correct line to defendant, who cut the timber up to it, defendant is not entitled to have it treated as the correct line, thus relieving him of liability for cutting trees on plaintiffs' land, there being no question of acquiring title by adverse possession up to the line.

3. TRESPASS. *One is liable for value of timber cut on land of another, though under mistake of fact and in good faith.*

> That defendant cut timber on plaintiffs' land in good faith, and under a mistake of fact as to the boundary line, does not relieve him of liability for the actual value thereof.

*Corpus Juris-Cyc. References: Boundaries, 9CJ, p. 241, n. 76; Husband and Wife; 30CJ, p. 856, n. 43; Trespass, 38Cyc, p. 1004, n. 74; On the question as to whether entering the land of another under mistake of fact is trespass, see 26 R. C. L. 939.

APPEAL from circuit court of Simpson county.

HON. W. L. CRANFORD, Judge.

Action by Mrs. Fannie Teasley and others against J. M. Roberson and wife. Judgment for defendants, and plaintiffs appeal. Affirmed in part, and reversed in part.

*A. M. Edwards,* for appellant.

The first assignment of error is that the court erred in granting a peremptory instruction for the defendant, Mrs. Allie Roberson. We submit that this assignment of error is well taken under section 2055 of Hemingway's Code. The facts in this case show most conclusively that in the year 1925 at the time said timber was cut and removed from plaintiffs' land that the said defendant J. M. Roberson was carrying on the business of cutting, hauling, shipping, buying and selling logs and timbers with mules, wagons, trucks and other means that belonged to his wife, and that said business was done in his own name and on his own account. *Gross et al.* v. *Pigg,* 73 Miss. 286; *Porter et al.* v. *Staten,* 64 Miss. 421.

The third assignment of error is that the court erred in granting instructions numbers 1 and 3 for the defendant. Instruction number 1 fails to properly announce the law in this case. According to this instruction a person might have forty or fifty trees cut on his land, but the proof failed to show exactly the number of trees cut, he could not recover for the statutory penalty for

any of the trees so cut. Instruction number 3 is erroneous for the reason it has not sufficient evidence upon which to rest.

The fourth assignment of error, is that the court erred in refusing to grant instructions numbers 4, 5 and 6 for the plaintiffs. Defendant is liable under the law to plaintiffs for the actual value of the timber shown to have been cut and removed from their land, though it might have been cut.

Instruction number 5 should have been given for the reason it was shown without contradiction that the said line established by the county surveyor was correct.

The court committed grave error in refusing to grant instruction number 6. If it was shown from the testimony in the case that the defendant cut and removed any of the timber sued for in the declaration from the lands of plaintiffs, then plaintiffs would be entitled under the law to judgment in a sum equal to the value of such timber. The fact that Luther Teasley, one of the plaintiffs, might have pointed out the supposed boundary line between his land and other land to the defendant, J. M. Roberson, did not give defendant a legal right to cut and remove said timber, and transfer the title of same to the defendant. *Evans* v. *Miller,* 58 Miss. 124; *Crisler* v. *Ott,* 72 Miss. 166; *Bond* v. *Griffin,* 74 Miss. 599, 22 So. 187; 26 R. C. L., pages 939 and 940.

*Hilton & Hilton,* for appellees.

The first question raised by counsel is the construction of section 2055 of Hemingway's Code. This statute specifically states that it is restrictions as to contracts between husband and wife. It has no application here because it is not a suit by appellant on a contract, in which he sold appellee Roberson timber when his wife was the undisclosed principal. They are suing on a tort and not a contract. They are suing for the statutory penalty and incidentally actual damages arising by reason of the

tort. *Cook* v. *Ligon,* 54 Miss. 368, says that the husband is liable only as her agent for debts contracted for by him as her agent. As a matter of law the very proceedings in this suit precludes any such interpretation.

The third assignment of error, is that the court erred in granting the instructions for the defendant. Instruction number 1 was drawn to require the plaintiff to prove the actual number of trees cut and the kind of trees cut and in arriving at this conclusion, speculation, conjecture or guessing should not be indulged in. It is to be remembered that this is a suit for statutory penalty and actual damages flowing from it. To support this instruction we cite the case of *Rowan* v. *Beattie,* 130 Miss. 449, 94 So. 232.

Other instructions complained of are drawn on the notice and special plea filed by defendant, that the land line that Roberson cut to was the established land line for more than ten years; this old land line between the Barwick and Teasley line had been established there more than ten years and so recognized as the correct line and so dealt with by the adjacent owners for ten years, that it became the correct land line in so far as the litigants are concerned. And that is even true if the county surveyor in 1926 established a different line. To support this instruction we call the court's attention to the testimony given by all the witnesses for plaintiff, in which they admitted that there had been an old established line for more than twenty years and Mrs. Teasley knew this old line and her son had known where this old land line was and he had been looking after the land for his mother. And the testimony further shows that he pointed out this old line to Roberson and claimed that it had been there for more than twenty years and under the settled rule adverse possession would apply and the instruction was proper.

Counsel complains of the court for refusing Instruction number 4. Instruction number 1 covers any complaint he makes on refusing instruction number 4. The

instruction is bad for another reason. It should have had the further stipulation that the mistake was not caused by such wilful or overt act of any one of the plaintiffs to purposely mislead the defendant.

*Evans* v. *Miller,* 58 Miss. 120, cited by counsel, shows that when the line was pointed out by Evans that it was honestly done, believing it to be a true line, but by a survey it was shown not to be the true line. The case at bar is silent as to the motive of Teasley in pointing out this line, and the record is silent as to whether and when Teasley was advised as to whether the line he pointed out was correct or not. In other words, the rule of law is that a person cannot take advantage of his own mistake until he discloses to the court that it was an honest mistake and not a wilful one.

Counsel's instruction is wrong because of the rule laid down in the *Miller case, supra.* We call the court's attention to the case of *Hicks* v. *Miss. Lbr. Co.,* 95 Miss. 353, 48 So. 64, which holds that a verbal license to enter land and cut timber thereon is a defense to an action for the statutory penalty.

When all the instructions are considered together plaintiff below got all he was entitled to and as a matter of fact more.

COOK, J., delivered the opinion of the court.

The appellants, Mrs. Fannie Teasley and her children, heirs at law of J. O. Teasley, deceased, instituted this suit against J. M. Roberson and his wife, Mrs. Allie Roberson, seeking to recover damages for the cutting of trees from the northwest quarter of the northeast quarter of section 20, township 2 north, range 3 east, in Simpson county. The declaration is in two counts; the first count being for the statutory penalty, and the second for the actual value of the trees alleged to have been cut and removed. There was a verdict and judgment for the defendants, from which this appeal was prosecuted.

This suit involves a controversy over the location of the eastern boundary line of the northwest quarter of the northeast quarter of said section 20 which is owned by the appellants. The appellee J. M. Roberson purchased the timber standing and growing on the forty acres of land which adjoins appellants' land on the east; and, it is alleged, and there is evidence tending to prove that, when he cut his timber, his employees went across the dividing line, and cut certain trees from the land of appellants. There was testimony to the effect that about fifteen years ago the dividing line between the said northwest quarter of the northeast quarter and the northeast quarter of the northeast quarter of said section was surveyed, established, and marked; the line so established being called the "McLaurin line." There was also testimony that, after the filing of this suit, this dividing line was again surveyed by the county surveyor, and that the line established by him was the correct line, and was a few feet east of the line established by the first survey, and that the appellee J. M. Roberson had cut timber west of both of these lines; the number of trees and the actual value thereof being testified to by witnesses for appellants.

The appellee J. M. Roberson and his witnesses testified that the line surveyed some fifteen years ago, and known as the "McLaurin line," had been recognized since that time as the dividing line, and that it was the correct line, and denied that appellee cut any timber west of this line. There was also testimony tending to show that one of the appellants pointed out to the appellee and the owner of the adjoining forty acres the old McLaurin line as the correct line.

At the conclusion of the testimony, the court peremptorily instructed the jury to return a verdict in favor of appellee Mrs. Allie Roberson; and the first assignment of error is based on the action of the court in granting this instruction. In support of this assignment, appellants rely on section 2521, Code 1906 (section 2189, Hem-

ingway's 1927 Code), which provides, among other things, that:

"It shall not be lawful for the husband to rent the wife's plantation, houses, horses, mules, wagons, carts, or other implements, and with them, or with any of her means, to operate and carry on business in his own name or on his own account, but all business done with the means of the wife by the husband shall be deemed and held to be on her account and for her use, and by the husband as her agent and manager in business, as to all persons dealing with him without notice, unless the contract between the husband and wife which changes his relation, be evidenced by writing, subscribed by them, duly acknowledged, and filed with the chancery clerk of the county where such business may be done, to be recorded as other instruments."

The appellants contend that the evidence shows that, at the time the timber was cut, the appellee J. M. Roberson was carrying on, in his own name, the business of buying, selling, cutting, and shipping logs and timber, with teams, wagons, trucks, and other means belonging to his wife, Mrs. Allie Roberson; and, consequently, under the terms of this statute, the appellee Mrs. Roberson, as an undisclosed principal, is responsible to the appellants for the actual value of the timber shown to have been cut and removed from their lands; but we think the testimony wholly failed to show that this timber was purchased, or the business carried on, with the means of appellee Mrs. Allie Roberson, or that she received anything out of the business other than the support to which she was entitled from her husband. Consequently, there was no error in granting this instruction.

The appellants also assign as error the granting of an instruction which reads as follows:

"The court instructs the jury for the defendant that you may believe from all evidence of the case that the line run by Mr. Patterson, county surveyor, in the year 1926, on the land in controversy was correct, and you

may further believe that defendant cut timber, according to the Patterson line on land claimed by plaintiffs; yet, if you further believe from the evidence in the case that there was an old land line running north and south between the Teasley land and the Barwick land, and that such land line had been established there for more than ten years before the date of the cutting of this timber in question, and that the plaintiffs and their father in his lifetime had abided by, accepted, adopted, and claimed said line as the correct land line, and that the adjacent owners of said property dealt with them as the correct land line, and that one of the plaintiffs, J. L. Teasley, pointed out this old land line as the correct land line to defendant and to Bridges, then under the law this old land line became and was the correct land line in so far as the rights of plaintiffs and defendants were concerned, and in such case it will be your sworn duty to find for the defendant, and this is true, even though the county surveyor established a different line in the year 1926.''

We think this instruction is erroneous. There was no testimony which would warrant the finding that the appellee, or his predecessors in title, acquired title to any land or timber east of the McLaurin line by adverse possession; and the fact that one of the appellants may have, by mistake, pointed out this old line as the correct line, did not confer upon appellee the right to cut any timber on the lands of the appellants. In the case of *Evans* v. *Miller,* 58 Miss. 124, 38 Am. Rep. 313, this court said:

''That he was mistaken as to where the line was, no more deprived him of the right to claim compensation for his trees than to claim ownership in the soil from which they were taken. Consent given to the taking, or acquiescence in the taking, of that to which one supposes that he has no title, will not prevent a recovery of the thing taken, when the true title is subsequently discovered. It will acquit the party taking from all claim for damages, direct or consequential, but it will not divest title, nor pre-

vent the owner from recovering the actual value of his property.''

The appellants also assign as error the refusal of the following instructions:

''The court instructs the jury for the plaintiff that, though you may believe from the evidence in the case that the defendant cut said timber through mistake, still, if you believe he cut and removed same from the land of plaintiff, he is liable under the law to plaintiff for the actual value of said timber.''

''The court instructs the jury for the plaintiffs that, if you believe by a preponderance of the testimony in this case that defendant cut and removed any of the timber sued for in the declaration from the lands of plaintiffs, then it is your duty under the law to find for plaintiffs, and to assess the damages in a sum equal to the value of such timber as shown by the testimony to have been cut and removed by defendant, and this is true, even though you may believe that the defendant acted in the utmost good faith in cutting and removing such timber, and that Luther Teasley misled said defendant as to the boundary of said land by pointing out to him a line that was not the correct line.''

We think these instructions should have been granted. The quotation from the *Miller case, supra,* establishes the doctrine, that a mistake as to where the boundaries of one's land are does not relieve such party from liability for the actual value of any timber cut from the lands of an adjoining landowner. The same doctrine is announced in 26 R. C. L., p. 939, in the following language:

''That the defendant acted under a mistake of fact is also no excuse for his act of trespass. Every one must know the boundaries of his own land; and, in an action *quare clausum fregit* against him for passing his own boundaries and entering the land of another, he cannot defend by showing his ignorance of the boundary lines,

even when the owner has failed to erect any artificial markings of his boundaries.''

The judgment of the court below in favor of the appellee Mrs. Allie Roberson will therefore be affirmed; but, for the errors herein indicated, the judgment in favor of the appellee J. M. Roberson is reversed, and the cause remanded.

*Affirmed in part, and reversed in part.*