YORKSHIRE INS. CO., LIMITED, *et al. v.* BREWER.

(Division B. Feb. 24, 1936. Suggestion of Error Overruled, May 4, 1936.)

[166 So. 361. No. 32045.]

**H. T. Odom,** of Greenwood, and **Watkins & Eager,** of Jackson, for appellants.

Gardner, Denman & Everett, of Greenwood, for appel-
lee.

Argued orally by **Pat Eager**, for appellant, and by **A. F. Gardner**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

This is the second appeal in these cases, the decision in the former appeal being reported in Franklin Fire Ins. Co. v. Brewer, 159 So. 545. W. L. Brewer was the owner of a residence in Greenwood, Mississippi, and carried two policies of insurance, one in the Franklin Insurance Company, and the other in the Yorkshire Insurance Company. On the trial, the two cases were consolidated and tried together, the policies containing, substantially, the same provisions. On the remand of the cause to the court below the issue submitted to the jury was whether or not there was a total loss, or only a partial one, and there was evidence warranting the jury to find a total loss, if they believed the testimony in that regard.

The policy provided that the insurance company should not be liable beyond the actual cash value of the property at the time the loss occurred, with proper deduction for depreciation, and in no event should exceed what it would cost to repair or replace the building with like material. It further provided that if the insured and insurer differed in the appraisement, they should each select an appraiser, and the two so selected should select a competent and disinterested umpire, and that the award

in writing of any two should determine the amount of such loss.

This clause of the policy was set up by appellants as a defense, was demurred to, and the demurrer was sustained as being in violation of the "valued policy" law of this state. The same matter was again set up in the notice under the plea of general issue, and, on motion of appellee, the court below struck out the notice under the plea of general issue.

After the fire occurred, there was a disagreement between the insured and insurer as to the extent of the loss, and the insurer insisted upon arbitration to settle their differences, and thereupon appointed a contractor as an appraiser to represent it, the insured also appointing an appraiser. The two appraisers so appointed agreed upon the loss and valued the property far below that stated in the face of the policy, and this award was set up as a defense by the insurance company.

The court instructed the jury to find for the appellee in the amount sued for if they believed testimony to the effect that there was a total loss, or to find for the appellants if they believed testimony in their favor. There was testimony favorable to each side of this case. Witnesses for the appellee testified that the parts of the building not destroyed were injured, and would have to be taken down and put in shape in reconstructing the building, and that the cost of doing this would more than equal the value of such material, and that they would rather reconstruct the building with new material. Testimony for the appellant tended to show that the parts of the building not destroyed could be used to advantage in reconstructing the building.

Appellants objected to the introduction of some of the testimony for the appellee, saying that the witnesses were not experts and not entitled to testify as to the extent of the damage and the cost involved. Some of these witnesses were persons who had dealt, to a considerable ex-

tent, in the buying and selling of buildings, and we think their experience was sufficient to make their evidence admissible, and to be of value in solving the questions involved in the suit.

The court below, over the appellants' objection, permitted the jury, on motion of the appellee, to inspect the building, but this inspection was made after the former trial, and considerable time had elapsed since the burning, and the proof showed that the building had been damaged in value by the exposure to the elements. It is earnestly insisted by the appellants that the action of the court below in permitting this inspection by the jury was prejudicial error because of the changed situation brought about by the exposure, and the consequent deterioration in value, and also that photographs taken were available, to show the condition of the building, and from which the court and jury could secure an adequate idea of these conditions. The appellants insist that the action of the court is contrary to the views announced in the case of National Box Co. v. Bradley, 171 Miss. 15, 154 So. 724, 157 So. 91, 95 A. L. R. 1500.

As to the photographs, it is sufficient to say that they do not portray the interior of the building, where the testimony shows the greater damage was done.

Under the facts, the court should not have permitted the jury to view the premises, as there had been too great a lapse of time between the burning and the trial of the case.

We think, however, that the condition of the building, as shown by the testimony, shows whether there had been a total or a partial loss within the meaning of these terms. This being true, the inspection by the jury was not prejudicial and harmful, because the court peremptorily instructed the jury that, if they found the loss was partial and not total, they should find the amount of the award as fixed by the appraisers.

We again caution the courts against permitting such views when the facts do not reflect with substantial accuracy the conditions existing at the time involved in such inquiries.

Under our valued policy law (Code 1930, section 5183), an insurance company, in the case of a total loss, is not permitted to show that the property was not of the value stated in the policy.

In view of this fact, and of the finding of the appraisers that the property was not valued by them at the amount stated in the policy just prior to the burning, the appraised value found was futile in case of a total loss. We think there was competent evidence to sustain the finding of the jury, and that the finding of the appraisers is not effective.

There is complaint by the appellants of a number of instructions. We do not deem it necessary to review all of these instructions, but when the instructions are taken as a whole, and one treated as supplementing or modifying another, as is the rule in this state, they furnish to the jury a proper and sufficient guide. Some of the instructions taken alone would be inaccurate and erroneous, but when considered with others, their defects are supplied.

It is also urged that the court below erred in allowing interest from the date of the loss to the time of filing the suit, rather than from sixty days after the determination of the loss under the policies. The jury found there was a total loss, as warranted by the evidence, and the interest accrued from the date of the loss.

After a careful consideration of the record and the argument, we are of the opinion that the court below committed no reversible error, and the judgment will be affirmed.

Affirmed.