NEW HAMPSHIRE FIRE INS. Co., et al. *v.* KOCHTON
PLYWOOD & VENEER Co., INC.

No. 42056 November 27, 1961 134 So. 2d 735

*Vollor & Thames,* Vicksburg; *Watkins & Eager,* Jackson, for appellants.

*Teller, Biedenharn & Rogers,* Vicksburg, for appellees.

McGehee, C. J.

There were eleven separate suits filed on the policies which covered nine buildings about three miles north of Vicksburg in Warren County, Mississippi, for a total sum of $82,500, and these suits, which were consolidated for trial by agreement as one case, were for "windstorm damage" of $9,908.27, because of the collapse of "Building No. 2" when the east concrete wall thereof, about 72 feet in length fell to the ground, leaving the roof, which was 50 feet wide and 72 feet long, fastened to the west wall of the building. The testimony on behalf of the insured Kochton Plywood and Veneer Company, Inc. tended to sustain a damage in the said sum of $9,908.27, whereas the proof on behalf of the appellants tended to

show a damage of only $3,622.09. On this conflicting evidence, the jury returned a verdict in favor of the appellee for the sum of $6,000.

The proof tended to show that this east concrete wall of the building and the frame wall built on top thereof were poorly constructed. The concrete wall was approximately eight feet high and then there was a wooden wall built on top of the concrete wall with 1 x 6's, 2 x 4's and other inferior hardwood material, and throughout the trial the appellants undertook to make capital of this fact, but they had collected a total premium of $1,912.98 per annum, and they had the right to examine these buildings before they wrote the insurance and accepted the premium on the policies, and if they had examined the buildings and found they were not substantial they could have declined to write the insurance and have avoided the consequences of this loss. The insurance contracts did not require the building to be of any particular design or type of construction, and this case was tried primarily on the issue of whether the collapse of the east wall and the falling of the roof was due to water or windstorm damage.

The proof was conflicting as to whether the rain water drained away from the wall of the building or toward it. If the water drained away from the building as contended by some witnesses for the appellee, then the collapse of the east wall and the falling of the roof must have necessarily been due to windstorm damage instead of water damage.

Among other provisions contained in the policy is the following:

"1 Concealment, This entire policy shall be void if,
2 fraud. before or after a loss, the in-
3 sured has wilfully concealed or
4 misrepresented any material fact
5 or circumstance concerning this
6 insurance or the subject thereof,

or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto. * * *''

The appellants contend that this provision of the policy was violated in that at the examination under oath of the witnesses for the insured who sought to establish the cause and extent of the loss, held following the submission of the proof of loss, the insured failed to produce one material witness who later testified on the trial. But we do not think that this provision is applicable under all the facts and circumstances of this case, but even so, we do not think that it was violated to the extent as to justify a reversal of the cause.

 The proof disclosed on behalf of the appellants that the Weather Bureau facilities were located atop the Post Office Building in the City of Vicksburg, and that the velocity of the wind at that point was only about twenty-one miles per hour, on the date of the collapse of the wall and the falling of the roof, whereas proof of the appellants also tended to show that in order to have any appreciable windstorm damage to the building it would have been necessary to have had a velocity of thirty-five or forty miles per hour. But this building was located approximately three miles from the location of the Weather Bureau, and the jury was justified in finding that the velocity of the wind in the area of the insured building could have materially varied from the velocity of the wind at the Post Office Building.

There was proof that although none of the other eight buildings insured were damaged on the night in question, signs were blown down, and there was testimony as to considerable wind in that particular area.

 We think that the case presented an issue which was pecularily for the decision of the jury, and that this issue was squarely presented to the jury by the following instruction: ''The Court instructs the jury for the Plaintiff that if you find from a preponderance

of the evidence that the damage to Plaintiff's building occurred as a direct and proximate result of the force of the wind during a windstorm on the night of November 14th and November 15th, 1958, and that such wind, if any, was of unusual violence, then it is your sworn duty to find for the Plaintiff.''

It is also urged by the appellants that the insured violated the provision of the policy by not making available for examination under oath all of the persons who could substantiate the claimed loss. And it is now asserted that one of the witnesses at the trial, who materially established the loss, was not made available for examination under oath at the hearing had in advance of the trial. However, the record does not disclose that the appellants inquired of the appellee as to whether any other witnesses were available for the hearing, and although we recognize that it was the duty of the appellee to produce for examination under oath all of the witnesses who possessed knowledge or information as to the cause and extent of the loss, and that it was error for the appellee not to do so, nevertheless we do not think that under all of the facts and circumstances the production of a witness at the trial, who was not made available at the advance hearing, would constitute reversible error. The testimony of this witness at the trial was only cumulative to what other witnesses had stated in the advance hearing in establishing the claim as to the cause and the extent of the loss.

After a careful review of all of the testimony in this case and a study of the briefs, we have concluded that the judgment of the trial court should be, and the same is, hereby affirmed.

Affirmed.

*Kyle, Gillespie, McElroy* and *Jones, JJ.,* concur.