**Robert L. KEMP and Fred E. Cooper, Inc., Appellants,**

v.

**AMERICAN UNIVERSAL INSURANCE COMPANY, Appellee.**

No. 24605.

United States Court of Appeals
Fifth Circuit.

Jan. 22, 1968.

Rehearing Denied Feb. 26, 1968.

Maurice Dantin, Columbia, Miss., Bernard Callender, William C. Callender, Hall, Callender & Dantin, Columbia, Miss., for appellants.

Thomas H. Watkins, Jackson, Miss., Watkins & Eager, Jackson, Miss., of counsel, for appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and HANNAY, District Judge.

HANNAY, District Judge:

This appeal is from a denial by the trial court of insurance coverage to a damaged oil drilling rig owned by the Appellant Robert L. Kemp. Federal jurisdiction is based upon diversity of citizenship between Appellants and the insurer—Appellee. The case was tried before the District Court without a jury.

The policy in question contained a loss payable clause in favor of Fred E. Cooper, Inc., from whom Kemp purchased the rig, and the C.I.T. Corporation, the chattel mortgagee, who would be entitled to share in the proceeds in the event of judgment from the Appellants.

There is no question that the insurance policy was in effect on the date of the damage (August 12, 1963) or that the Appellants and the damaged property were otherwise within the general coverage of the policy. The dispositive issue here is one of legal and factual causation within an applicable provision of the policy.

I.

This particular provision in the policy provided, inter alia,

"6. This policy insures against direct physical loss or damage by:

\*   \*   \*   \*   \*   \*

B.  tornado, cyclone, *windstorm* and hail." (Emphasis added throughout).

The evidence shows that there was an exceptional wind condition blowing in gusts of varying speeds. It was of sufficient strength and velocity to blow a worker's work hat off his head several times and to necessitate the tying down of the tubing that was racked on the windward side of the rig. Of particular significance is the fact that the rig fell in the direction that the wind was blowing.

The following findings of fact by the Court below are amply supported by the record:

" \*   \*   \* It is obvious that the wind, described by them (witnesses) variously as 'puffs', 'gusts', 'heavy gusts', blew the loose stands of tubing out of the racking board fingers, and that this 60 foot tubing, resting on a substructure five feet off the ground, was sufficient to shift the center of gravity enough to cause the wind guy lines attached to the racking board some ten feet below the crown of the derrick, to pull loose, the overturn resulting. In this sense it could be said that *the wind was the efficient cause.* \*   \*   \*"

We disagree with the trial court that there was not legal causation within the meaning of the "windstorm" provision of the policy as well as factual causation.

■■ In absence of a definition or limitation of the subject, a "windstorm" must be taken to be a wind of sufficient violence to be capable of damaging insured property either by impact of its own force or by projecting some object against the property, and in order to re-

cover on a windstorm insurance policy, not otherwise limited or defined, it is sufficient to show that wind was the proximate or efficient cause of loss or damage notwithstanding other factors contributed to loss. Roach-Strayhan-Holland Post No. 20, Am. Legion Club, Inc. v. Continental Ins. Co. of N. Y., 237 La. 973, 112 So.2d 680, 682.

 "Efficient cause" is that cause of an injury to which legal liability attaches. Bole v. Pittsburgh Athletic Club, C.C.A.3, 205 F. 468, 471, 46 L.R.A., N.S., 602 (1913).

And see and compare: Queen Insurance Company of America v. Larson, 9 Cir., 225 F.2d 46 (1955).

The substantive law of Mississippi would permit coverage where the damage was in fact caused by the wind during a windstorm, i. e., a wind of unusual violence. New Hampshire Fire Insurance Co. et al. v. Kochton Plywood and Veneer Co., Inc., 242 Miss. 169, 134 So.2d 735 (1961).

There is no effective issue before this Court as to the Appellants' negligence. The *policy is silent as to any definition of "windstorm."*

In situations such as this, we think the fairest and best definition of a "windstorm" is that force of natural air which is:

"* * * capable of damaging the insured property either by its own unaided action or by projecting some object against it." Gerhard v. Travelers Fire Ins. Co., 246 Wis. 625, 18 N.W.2d 336 (1945); 93 A.L.R.2d 147, 154 (1964).

In accord with the foregoing is Fidelity-Phenix Fire Ins. Co. of New York v. Board of Education, 201 Okl. 250, 204 P.2d 982 (1948):

"* * * it would seem that any wind that is of such extraordinary force and violence as to thereby injuriously disturb the ordinary condition of things insured is tumultuous in character, and is to be deemed a windstorm." 93 A.L.R.2d 147, 155.

For the foregoing reasons, we hold that the rig damage was within the "windstorm" provision of the policy.

The case is reversed and remanded to the District Court for a determination of damages consistent with this opinion.