254 So.2d 765 (1971)
LITITZ MUTUAL INSURANCE COMPANY
v.
Bobby G. BOATNER et ux.
No. 46319.
Supreme Court of Mississippi.
October 11, 1971.
Rehearing Denied December 13, 1971.
Bacon & Smith, Jackson, Bryant & Stennis, Gulfport, for appellant.
Estes & Blackwell, Gulfport, for appellees.
RODGERS, Presiding Justice:
This is a suit upon an insurance contract in which the appellant undertook to insure the appellees against windstorm for $16,000 on their home and $4,000 upon the contents of the dwelling. Insurer also contracted to pay "additional living expenses" incurred as a result of the loss, which was shown to have been $1,600. The insurance policy contained the following exclusion:
"This Coverage Group does not insure against loss:
(b) Caused by, resulting from, contributed to, or aggravated by any of the following:
(1) flood, surface water, waves, tidal water, or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not;"
The property of the appellees at Long Beach, Mississippi, was totally destroyed by hurricane Camille on the night of August 17, 1969. There was nothing left of the insured property except the concrete slab on which the house had been erected.
The insurance company refused to pay the insured appellees upon the theory that the insured property was not destroyed by wind, but was destroyed by a tidal wave. The insurance company answered the suit and alleged that "it was determined that such damage to such property as a result of windstorm was approximately $3,000, but in order to give the insured plaintiffs the maximum benefit, and in an attempt to alleviate the burden of plaintiffs in rebuilding and minimize the unfortunate and tragic loss, the defendant was willing to voluntarily assume payment to plaintiffs and the New York Life Insurance Company of the sum of $8,000 for loss of the dwelling *766 described in the policy, plus payment to the plaintiffs of the sum of $2,800 on contents as described in said policy, and for additional living expenses." The insurance company thereupon tendered unto the court $10,800. The appellees refused the reduced tender and proceeded to trial. The jury returned a verdict in favor of appellees in the sum of sixteen thousand three hundred nineteen dollars and sixty-four cents ($16,319.64), and judgment was entered for this sum on June 4, 1970. The insured appellees made a motion to correct the judgment so as to allow the appellees interest upon the amount of the judgment from the time the policy calls for final payment to be made, or, in the alternative, from the date of the filing of the proof of loss on November 19, 1969. The trial court denied the motion to correct judgment and the insured appellees have cross-appealed as to the interest alleged to be due on the claim.
The insurance company has appealed and contends that the trial court should have sustained its motion for a directed verdict in its favor, or the court should have granted an instruction directing the jury to return a verdict in its favor.
We have read and reread the testimony shown by the transcript in this case. We have examined the pictures and studied the maps filed as exhibits to the testimony of the witnesses, and we have reached the inescapable conclusion that the verdict in favor of the insured property owners was not only permissible under the preponderance of the evidence in the record, but that any other verdict would have been against the overwhelming weight of the evidence.
There can be no question but that the tidal wave covered the cement slab on which the home of the appellees had been erected, to a depth of more than seven (7) feet, but the great weight of the evidence shows that the house and its contents had already been destroyed and distributed over a large area long before the tidal wave came ashore at 11:00 to 11:30 P.M. The pictures showing the devastation of the hurricane called Camille stagger the imagination. The tidal wave that washed about the debris in this case could not have deposited the debris above the water level of the tidal wave, and there was no way for it to have gotten there except by the terrific force of the wind. The jury had ample evidence on which to base its verdict.
Without sanctioning the argument that the burden of proof was upon the homeowners, not only to show that their property was damaged by windstorm, but to also show that it was in no respect damaged by tidal wave, we point out the genral rule as expressed by the text writer in 46 C.J.S. Insurance § 1356 (1946) as follows:
"Plaintiff is not bound to prove the loss or injury sustained beyond a reasonable doubt; but it is sufficient to warrant a recovery if he shows by a fair preponderance of evidence that the loss or injury was one covered by the policy, that is, that it was brought about by a risk or cause insured against; and circumstantial evidence from which the jury might reasonably infer the fact of the loss or injury as being one covered by the policy may be sufficient for this purpose even though the policy provides that proof of the loss or injury shall be by direct and positive evidence. Evidence is not sufficient, however, which merely creates a suspicion or speculation as to the cause of the loss or injury, as where it merely shows the loss or injury. The fact that the loss or injury was due to an excepted risk or cause or was due to the negligence or other fault of insured may likewise be established by a fair preponderance of evidence.
"The amount or extent of the loss or injury may be established by a preponderance of evidence." 46 C.J.S. § 1356, pp. 531-532.
See also: Masonite Corporation v. Hill, 170 Miss. 158, 154 So. 295, 95 A.L.R. 157 (1934); 93 A.L.R.2d 145 Anno. (1964).
*767 We agree with the Court's opinion in Kemp v. American Universal Insurance Company, 391 F.2d 533 (C.A.5 1968), wherein the Court said, in speaking of windstorm damage:
"* * * [I]t is sufficient to show that wind was proximate or efficient cause of loss or damage notwithstanding other factors contributed to loss." (391 F.2d at 533)
Moreover, in the instant case, the jury had ample testimony to sustain appellees' contention that the house was destroyed by wind before the tidal wave reached the property at 11:00 to 11:30 P.M. on the night of the hurricane. See similar facts in Firemen's Insurance Company of Newark, New Jersey v. Schulte, 200 So.2d 440 (Miss. 1967).
The judgment of the trial court as to liability must be affirmed. The appellees have cross-appealed, however, and contend on their cross-appeal that they are entitled to statutory interest on the sum found to be due to them from the insurance company by the jury from the date of the loss, or from the date of the proof of loss notice given to the insurer.
We pointed out in Commercial Union Insurance Company v. Byrne, 248 So.2d 777 (Miss. 1971) a case holding that where a total loss occurred and the insurer attempted to defend on an impermissible ground (allegation that the property was not worth the value stated in the policy) legal interest was due from the date of the loss. We cited Yorkshire Insurance Company, Ltd. v. Brewer, 175 Miss. 538, 166 So. 361 (1936). We also cited two other cases, Aetna Insurance Company v. Natchez Hotel Company, 160 Miss. 818, 134 So. 582 (1931) and Fireman's Fund Insurance Company v. Haley, 129 Miss. 525, 92 So. 635 (1922), in which this Court required interest on money due for loss claimed under insurance policies. These authorities are obviously based upon the general rule that where the amount due the insured under an insurance contract is wrongfully withheld by the insurer after payment is due, interest on that amount may be allowed as damages in an action on the policy. For this rule see cases collected in 46 C.J.S. Insurance § 1391, p. 692 (1946). See also Aetna Insurance Company v. Natchez Hotel Company, supra.
On the other hand, we pointed out in Byrne, supra, that
"We are of the opinion that where as in this case there is a justifiable dispute as to the amount of the loss, the insured is not entitled to interest until the amount of the claim has been made certain or liquidated. However, we can envision cases where, in the discretion of the trial court interest should be allowed although the amount of the loss is in dispute and for this reason we do not foreclose the allowance of interest in every case where the claim is unliquidated." 248 So.2d 777, 783.
In the instant case we are of the opinion that there was a genuine dispute, not only as to the amount due under the various clauses of the policy, but there was a real issue presented as to how much damage was caused by windstorm under the terms of the insurance contract. We hold, therefore, that the appellees are only entitled to statutory interest on the amount recovered from and after the date of the judgment in the trial court. The judgment in favor of appellees is affirmed.
Affirmed.
BRADY, PATTERSON, SMITH and SUGG, JJ., concur.