Mrs. Belk, a widow, eighty-eight years old, owned her home in Louisville, Winston County, Mississippi. At all times hereafter mentioned there was in existence an insurance policy covering damage to the house from windstorm. This appeal flows from a judgment for her rendered in the Circuit Court of said county on a jury's verdict. We affirm.
The insuring clause read: "This Policy is Extended to Insure Against Direct Loss by Windstorm, . . . except. . . ." [Exceptions not here involved.]
In August, 1969, a great storm known as "Camille" hit the Mississippi Coast and traveled north and northeast to the City of Louisville and beyond.
Near the corner of the house, there stood a huge oak tree many years of age. A limb from it was blown until it scraped the roof. A smaller branch from the limb punched a hole through the roof causing a leak. The proof shows this was caused by the storm.
The policy prohibited abandonment of the property to the Company, and the record indicates the owner was undertaking, in good faith, to minimize the loss, when she undertook to prevent further damage by removal of the tree as hereafter shown. The Company denied liability, stating:
 The tree may have been damaged during the hurricane but there is no direct relationship between the loss to the house and the peril providing for a direct loss by windstorm.
Mrs. Belk spent some time in an effort to locate a person to remove the tree. The ones experienced in that type of work were hard to find available. She did finally secure the services of one Richard Griffith, *Page 639 
an employee of Louisville Electric System, whose duty it was to cut trees and limbs from power lines, and whom the court recognized as an expert.
The tree was rotten on the inside and hollow so that during the efforts to remove it, it broke and fell on the house causing considerable damage. This is the basis of the Company's defense of no direct relationship between this damage and the wind.
A portion of Mr. Griffith's testimony is:
 Q. Mr. Griffith, was the tree rotten?
 A. It was — I explained it. It had this place like where maybe a fire or something had been on it but it wasn't rotten to the extent that I could see. It just had a little dead place in it.
 Q. Was the tree hollow?
 A. It was after I cut it but I couldn't tell it from the outside.
 Q. It was part of the wood but you couldn't tell it?
 A. I couldn't tell it.
 Q. You found out that it was pretty badly deteriorated is that correct, as you cut the tree?
 A. Yes, it was.
He also said:
 Q. Describe the tree with reference to its size, Mr. Griffith, what size tree was it and what kind of tree was it?
 A. It was a rather large oak tree about four and a half feet or bigger and just a large tree.
 Q. Was the tree rotten or anything, Mr. Griffith, could you stand on the ground and look at it and tell if the tree was rotten or anything?
 A. It had one place noticeable from the outside where it looked like fire or something had damaged it but it was a foot or so. It wasn't nothing like a big place.
It is argued that the damage was the result of negligence of appellee's agent or employee rather than a direct loss from the wind.
It is mainly argued that the hazards causing the loss were not covered by the policy.
There are various interpretations of the words "Direct Loss" in insurance policies. One is that it means a "proximate" cause. Dixie Pine Products Co. v. Maryland Casualty Co., 133 F.2d 583
(5th Cir. 1943).
Our Court said:
 `If the nearest efficient cause of the loss is not a peril insured against, recovery may nevertheless be had if the dominant cause is a risk or peril insured against. * * *' (Glens Falls Insurance Co. v. Linwood Elevator, 241 Miss. 400, 421, 130 So.2d 262, 270 (1961).
In Evana Plantation, Inc. v. Yorkshire Insurance Company, Ltd.,214 Miss. 321, 325, 58 So.2d 797, 798 (1952), this Court said:
 `The general rule is that, if the cause designated in the policy is the dominant and efficient cause of the loss the right of the insurer to recover will not be defeated by the fact that there were contributing causes.'
Negligence clause, if any in policy, does not apply to efforts to save property. Glens Falls Insurance Co. v. Linwood Elevator,supra.
In Kemp v. American Universal Insurance Company, 391 F.2d 533
(5th Cir. 1968), syllabus 2, it was said:
 [I]t is sufficient to show that wind was proximate or efficient cause of loss or damage notwithstanding other factors contributed to loss. *Page 640 
In Grace v. Lititz Mutual Insurance Company, 257 So.2d 217, 218 (Miss. 1972), syllabus 4, it is stated:
 To recover on windstorm policy, it is sufficient to show that wind was proximate or efficient cause of loss or damage, notwithstanding that other factors contributed to the loss.
In Grace v. Lititz Mutual Insurance Company, supra, this Court said:
 The rule is well established in this state that where the question presented to the jury was whether the loss was due to windstorm or to water, the entire question of proximate cause is treated as one of fact independent of the explicit application of any rule of law. Commercial Union Ins. Co. v. Byrne, 248 So.2d 777 (Miss. 1971); New Hampshire Fire Ins. Co. v. Kochton Plywood Veneer Co., 242 Miss. 169, 134 So.2d 735 (1961). It is sufficient to show that wind was the proximate or efficient cause of the loss or damage notwithstanding other factors contributed to the loss. Lititz Mut. Ins. Co. v. Boatner, 254 So.2d 765 (Miss. 1971); Kemp v. American Universal Ins. Co., 391 F.2d 533 (C.A.5, 1968). The material facts in the record are in severe dispute and therefore the jury had ample testimony to sustain the appellants' contention that their office building was destroyed by wind before the tidal waters reached the property. [257 So.2d at 224].
As to windstorm, the rule is stated in 45 C.J.S. Insurance § 888, pages 962-963 (1946) as follows:
 The causes of loss for which recovery may be had under a cyclone and tornado insurance policy are variously specified in the policies as cyclone, hurricane, storm, tornado, and windstorm. In order that there may be recovery on the policy, the cause designated in the policy must have been the proximate, and not a remote, cause of the loss, particularly where the policy requires it to be the `direct' cause of the loss. If the windstorm or similar peril insured against is the proximate cause of the loss, it need not be the sole cause, and it is generally sufficient to authorize a recovery on the policy that the cause designated therein was the efficient cause of the loss, although other causes contributed thereto, unless the contributing cause is expressly excluded by the terms of the policy. If the loss does not fall within the strict terms of an exclusion clause, insured may recover under the general provisions of his windstorm or tornado policy.
As to negligence on the part of the insured, the holdings of the various courts are collated in 45 C.J.S. Insurance § 822, page 870 (1946):
 Except where the policy stipulates that the company shall not be liable for loss caused by the neglect of insured to use all reasonable means to save and preserve the property when it is endangered by fire, mere negligence or carelessness on the part of insured or of his servants, although directly causing or contributing to the loss, usually is one of the risks covered by the insurance and does not relieve the company from liability; . . .
However, the entire matter was submitted to the jury by instructions which left to the jury:
(1) Whether the damages resulted directly and proximately from the storm and whether appellee and her agents were negligent;
(2) Whether the falling of the tree directly caused the damages and not the wind;
(3) Whether the damages were a direct or consequential result of the wind;
(4) Whether appellee was entitled to any damages caused by, resulting from, contributed to or aggravated by an improper or negligent cutting of the tree; and *Page 641 
(5) Whether the loss was as likely caused by the cutting of the tree and not by the wind, and other similar instructions.
We are unable to find that appellee or her agents neglected to use all reasonable means to preserve the property, after the wind had proximately damaged it, and the jury's verdict absolved appellee of any negligence.
We do not deem it necessary to discuss the other assignments.
The case is affirmed.
RODGERS, P.J., and INZER, SUGG, and BROOM, JJ., concur.