289 So.2d 683 (1973)
LIBERTY UNIVERSAL INSURANCE COMPANY et al.
v.
Harlow Jackson HALL and Barbara J. Hall, wife.
No. 47208.
Supreme Court of Mississippi.
December 3, 1973.
Rehearing Denied February 25, 1974.
Watkins & Eager, Velia Ann Mayer, Jackson, for appellants.
Charles R. McRae, Karl Wiesenburg, Pascagoula, for appellees.
INZER, Justice:
This is an appeal by Liberty Universal Insurance Company and the Mississippi Insurance Guaranty Association from a judgment of the Circuit Court of Jackson County for $15,700 in favor of appellees, Harlow Jackson Hall and his wife, Barbara J. Hall, resulting from a suit to recover on an insurance policy. We affirm.
*684 This is another suit growing out of the damage caused by Hurricane Camille which struck the Gulf Coast on August 17, 1969. The residence of appellees was insured by Liberty Universal Insurance Company by a policy which provided for maximum coverage of $15,700. The residence and its contents were destroyed by the storm. The total damage exceeded the maximum limits of the policy, but the insurance company contended that a major part of the damage was caused or aggravated by water and not wind. After suit was filed by appellees, Liberty Universal Insurance Company was adjudicated to be insolvent and placed in receivership in the State of Texas. Thereafter the declaration was amended to make the receiver of the Liberty Universal Insurance Company and the Mississippi Insurance Guaranty Association parties defendant to the suit. It was alleged that Mississippi Insurance Guaranty Association was liable for the payment of the claim by virtue of the provisions of the Mississippi Insurance Guaranty Act which became effective on April 6, 1970.
The Mississippi Insurance Guaranty Association answered and admitted that the policy was in full force and effect on August 17, 1969, when the dwelling of the Halls was destroyed, but it alleged that the damage was the result of water and not wind and, therefore, was excluded under the provisions of the policy. By way of affirmative defenses, the Mississippi Insurance Guaranty Association alleged that the Mississippi Insurance Guaranty Act, House Bill 757, Chapter 446, Laws of 1970, was unconstitutional for several reasons. A separate hearing was had on the affirmative defenses raised by the association. The trial court held that the affirmative defenses were not well taken, and an order was entered overruling them.
The Mississippi Insurance Guaranty Association defended the suit on the merits, and a trial resulted in a judgment in favor of the policyholders.
On appeal, this cause was consolidated by agreement of the parties and with the consent of the Court with Mississippi Insurance Guaranty Association v. Gandy, Miss., 289 So.2d 677 for the purpose of argument and briefing. The reason for the consolidation being that both causes involved the validity of the provisions of the Mississippi Insurance Guaranty Act. Our opinion in Cause No. 47,358, this day decided, disposes of all of appellants' contentions relative to the validity of the Mississippi Insurance Guaranty Act and whether the claim of appellees is a "covered claim" under the provisions of the Act.
After careful reading of the record and briefs of counsel, we find no reversible error in the trial of this cause on its merits. This is simply another one of the many cases which reached this Court involving the question of whether the damage was caused by wind or water. The evidence on behalf of the appellees tended to show that the damage was caused by the wind before the water ever reached the appellees' property. The destructive winds had been blowing for several hours before the water began to rise. There was no tidal wave; the water rose slowly over a period of two to three hours and then subsided. Although they were of the opinion that the greater portion of the damage was caused by the water, the witnesses for the appellants admitted that there was some wind damage. Taking the evidence as a whole, we find that it created a question for the jury, and we cannot say its verdict is against the overwhelming weight of the evidence. Neither can we say from the whole record that the judgment of the court resulted in a miscarriage of justice. Any error in the trial of this case was harmless error under these facts and circumstances. Miss. Supreme Court Rule 11 (1967); Grace v. Lititz Mutual Ins. Co., 257 So.2d 217 (Miss. 1972); Lititz Mutual Ins. Co. v. Boatner, 254 So.2d 765 (Miss. 1971); and Commercial Union Ins. Co. v. Byrne, 248 So.2d 777 (Miss. 1971).
*685 For the reasons stated, this cause is affirmed.
Affirmed.
RODGERS, P.J., and ROBERTSON, WALKER and BROOM, JJ., concur.